**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY RA'SHAWN RAVENELL, : | |
| : | Civil Action |
| Plaintiff, : | 09-6173 (FLW) |
| : | |
| v. : | **O P I N I O N** |
| : | |
| ROBERT WILL et al., : | |
| : | |
| Defendants. : | |

**Freda L. Wolfson**, District Judge:

Plaintiff, an inmate currently confined at the New Jersey State Prison, Trenton, New Jersey, seeks to bring this 42 U.S.C. § 1983 action[1] in forma pauperis without prepayment of fees, pursuant to 28 U.S.C. § 1915. Plaintiff submitted his affidavit of indigence and institutional account statement, pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff also submitted for filing his complaint. The complaint alleges that Defendants, a private business (a repair shop) and the owner of that business, accepted Plaintiff's word processor for repairs but then "lost" the word

---

[1] For the reasons not entirely clear to the Court, Plaintiff indicated that he is raising his claims under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), even though Plaintiff is a state rather than federal prisoner. Bivens proceedings are a federal counterpart to § 1983. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).

processor and did not compensate Plaintiff for the loss.[2] Plaintiff seeks compensation in the form of a new word processor.

## I. STANDARD OF REVIEW

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

The Court of Appeals for the Third Circuit recently provided a detailed and highly instructive guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard.  See Phillips v. County of Allegheny, 515 F.3d

---

[2] One of the attachments to Plaintiff's Complaint suggests that the processor was seized as a contraband.  See Docket Entry No. 1-2, at 3.  However, the Court -- for the purposes of this Opinion and accompanying Order only -- will presume that Plaintiff's allegations as to Defendants losing Plaintiff's word processor and refusing to compensate Plaintiff for loss of property is true and correct.

224, 230-34 (3d Cir. 2008). The Court of Appeals guided as follows:

> [There are] two new concepts in Twombly [127 S. Ct. 1955 (2007)]. First, . . . "[w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's [Rule 8] obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 1965 n.3. . . . "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3. Second, the Supreme Court disavowed certain language that it had used many times before -- the "no set of facts" language from Conley. See id. at 1968. . . .
> 　　[T]he Twombly decision focuses our attention on the "context" of the required short, plain statement. Context matters in notice pleading. . . . [Thus,] taking Twombly and the Court's contemporaneous opinion in Erickson v. Pardus, 127 S. Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where . . . the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.  See Airborne Beepers & Video, Inc., v. AT&T Mobility L.L.C., 499 F.3d 663, 667 (7th Cir. 2007). . . . After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct." Id. . . . .

Phillips, 515 F.3d at 230-34 (original brackets removed).

**II.   DISCUSSION**

  **A.   Color of Law Requirement**

  To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the federal

Constitution or laws.[3] See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman, 47 F.3d at 633.

"The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." Id. at 638. The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). For the conduct to be "fairly attributable" to the State: (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State, or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible; and (2) the defendant must be a person who may fairly be said to be a state

---

[3] Section 1983 provides in relevant part that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. See id. at 936-39.

Here, Defendants, a private business establishment and its owner, are not state actors within the meaning of § 1983, even if they accepted a prisoner's word processor for repair, see, e.g., Talmadge v. Herald News, 2007 U.S. Dist. LEXIS 78078 (D.N.J. Oct. 22, 2007) (a newspaper and its editor did not operate under color of law when the newspaper published an allegedly libelous article about plaintiff's prosecution); Caracter v. Avshalumov, 2006 U.S. Dist. LEXIS 81619, at *6-7 (D.N.J. Nov. 2, 2006) (managers of a Verizon store were not state actors, even if they apprehended plaintiff during plaintiff's shoplifting and held him until police arrived and arrested plaintiff).  Since Defendants' actions at issue, i.e., loss of the word processor and refusal to compensate for loss of property, cannot be fairly attributed to the State, Plaintiff's allegations fail to meet the threshold color of law requirement, and the complaint must be dismissed for failure to state claim upon which relief may be granted.

**B.   Adequate State Remedy**

Moreover, even if the Court were to hypothesize that the repair shop and its owner were, somehow, acting as designated agents of Plaintiff's current place of confinement, i.e., of the

New Jersey State Prison, Plaintiff's claims would still be subject to dismissal with prejudice.

The New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1-1 et seq., provides an adequate post-deprivation judicial remedy to persons, including inmates such as Plaintiff, who believe they were wrongfully deprived of property at the hands of prison officials or their agents. See Holman v. Hilton, 712 F.2d 854, 875 (3d Cir. 1983); see also Asquith v. Volunteers of America, 1 F. Supp. 2d 405, 419 (D.N.J. 1998), aff'd 186 F.3d 407 (3d Cir. 1999). Because the NJTCA is an available remedy providing all the process which is due, Plaintiff's claims against Defendants based on loss of Plaintiff's property must fail.

### III. LEAVE TO AMEND

Although the Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys, see Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972), and leave to amend should be liberally granted, such grant is not warranted where it is clear from the face of the pleading that the deficiencies of the litigant's factual allegations cannot be cured by allowing amended pleadings.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).  In this case, nothing alleged by Plaintiff insinuates that he could cure the deficiencies in the Complaint by amending

it. Accordingly, this Court will dismiss Plaintiff's challenges with prejudice.

**IV. CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's application to file the complaint without prepayment of the filing fee and dismisses the complaint with prejudice for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.

s/Freda L. Wolfson
**Freda L. Wolfson**
**United States District Judge**

Dated: March 29, 2010